UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Learik Lillard**, <br><br>             Plaintiff, <br><br> v. <br><br> **Contact Source Solutions, LLC**, an Ohio Limited Liability Company, and **Sally Emch**, <br><br>             Defendants. | No. <br><br><br> **COMPLAINT** |

Plaintiff, Learik Lillard ("Plaintiff"), sues the Defendants, Contact Source Solutions, LLC and Sally Emch ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

4.      ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all material times, Plaintiff is an individual residing in Cuyahoga County, Ohio and Pima County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Contact Source Solutions, LLC is a limited liability company licensed to transact business in the State of Ohio.  At all material times, Defendant Contact Source Solutions, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Geauga County, Ohio.

9.      At all material times, Defendant Contact Source Solutions, LLC does business as "Contact Source Solutions"

10.     At all relevant times, Defendant Contact Source Solutions, LLC was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Contact Source Solutions, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest Contact Source Solutions, LLC in relation to the company's employees, Defendant Contact Source Solutions, LLC is subject to liability under the FLSA.

11.     Defendant Sally Emch is an owner of Defendant Contact Source Solutions, LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendant Sally Emch is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Sally Emch is an owner of Defendant Contact Source Solutions, LLC.  At all relevant times, Sally Emch had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Sally Emch is subject to individual liability under the FLSA.

13.     At all material times, Defendants Contact Source Solutions, LLC and Sally Emch are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14.     At all material times, Defendants Contact Source Solutions, LLC and Sally Emch are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

-3-

15.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

18.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

19.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

20.     Plaintiff, in her work for Defendants, regularly communicated with individuals using the telephone and other instruments of interstate commerce.

## NATURE OF THE CLAIM

21.     Defendants own and/or operate as Contact Source Solutions, LLC, an enterprise located in Geauga County, Ohio.

22.     Defendants own and/or operate as Contact Source Solutions, an outsource customer service company in Chesterland, OH.

23.     Plaintiff was hired by Defendants on approximately January 6, 2020 and worked for Defendants as an outsource agent until approximately September 18, 2020.

24.     Defendants, in their sole discretion, agreed to pay Plaintiff $13.00 per hour for all hours she worked.

25.     During Plaintiff's employment with Defendants, she worked approximately 40 hours per week.

26.     Defendants paid Plaintiff no wages whatsoever for the final two workweeks of her employment.

27.     During that time period, Plaintiff worked approximately 32 hours for Defendants.

28.     Plaintiff should have been compensated for such hours on September 25, 2020.

29.     Rather than compensate Plaintiff her final paycheck on September 25, 2020, Defendants withheld Plaintiff's final paycheck and refused to provide it to her until Plaintiff returned certain equipment.

30.     To date, Defendants still have not compensated Plaintiff her final paycheck for the hours she worked in her final two weeks of employment with Defendants.

31.     As a result of not having paid any wage whatsoever to Plaintiff for the final weeks of her employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

32.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

33.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

34.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

35.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

36.     Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

37.     Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

38.     Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during her regular workweeks.

39.     Plaintiff is a covered employee within the meaning of the FLSA.

40.     Plaintiff is a covered employee within the meaning of ORC § 4111.

41.     Plaintiff is a covered employee within the meaning of ORC § 4113.

42.     Plaintiff was a non-exempt employee.

43.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

44.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

45.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

46.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

47.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of her employment.

50.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

51.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Learik Lillard, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE § 4111.01
## FAILURE TO PAY MINIMUM WAGE

52.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of her employment.

54.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required

minimum wage rate violates ORC § 4111.01.

55.     Plaintiff is therefore entitled to compensation for the full applicable minimum

wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages,

together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Learik Lillard, individually, respectfully requests that the

Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid

minimum wages, plus an additional amount equal to twice the unpaid minimum wages,

prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of

this action, and any additional relief this Court deems just and proper.

**COUNT THREE: OHIO REVISED CODE § 4113**
**FAILURE TO PAY WAGES OWED**

56.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

57.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for

any of the hours that Plaintiff worked for them during the final two workweeks of her

employment.

58.     Defendants' practice of willfully failing to pay Plaintiffs wages for labor

performed violates ORC § 4113.

59.     Plaintiff is therefore entitled to compensation for the full applicable minimum

wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated

damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Learik Lillard, individually, respectfully requests that the

Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid

wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees,

costs, and disbursements of this action, and any additional relief this Court deems just and

proper.

RESPECTFULLY SUBMITTED this 28ᵗʰ Day of October, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com